**HSING LIN, also known as Yi Xing Lin, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–0048–ag.

United States Court of Appeals, Second Circuit.

April 27, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Danial E. Bennett, Assistant United States Attorney, Savannah, Georgia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Hsing Lin petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A motion to reopen must normally be filed within 90 days of a final administrative order of removal. 8 C.F.R. § 1003.2(c)(2). Here, Lin's order of removal became final in March 2002, when the BIA denied Lin's appeal. Lin filed his motion to reopen in August 2004,

well over 90 days after his order was final. Lin argues, however, that his motion to reopen falls under an exemption to the 90-day filing requirement carved out by 8 C.F.R. § 1003.2(c)(3)(ii), allowing a motion to reopen an application for asylum, withholding, and CAT relief, when the motion is based on changed circumstances in the country to which the applicant has been ordered removed, and such evidence was not available and could not have been discovered at the previous hearing.

Lin submitted evidence in the form of a letter from his wife attempting to resolve discrepancies in Lin's testimony before the IJ and evidence that his son had been diagnosed with an arrhythmic heart. The evidence was dated May and October 2003, respectively. The BIA was correct in finding that Lin failed to establish why this evidence was previously unavailable. Lin argues that his son's arrhythmia diagnosis was not available until October 2003, when his son was in fact diagnosed. However, even if this evidence was previously unavailable, it is immaterial to Lin's claim that his wife was forcibly aborted, and therefore did not compel that the motion be granted. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, the BIA's denial of Lin's motion was not an abuse of discretion. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).